UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANNY R. RICHARDS,

    Plaintiff,

    v.

IND. DEPT. OF CORRS., et al.,

    Defendants.

CAUSE NO. 3:22-CV-280-JD-MGG

OPINION AND ORDER

Danny R. Richards, a prisoner without a lawyer, filed an amended complaint pursuant to 42 U.S.C. § 1983. (ECF 11.) Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Richards is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As a preliminary matter, Mr. Richards moves to correct an error in his complaint. He states that the defendant he identified as Officer "Hinson" is actually named

"Penson." (ECF 12.) The motion will be granted and the clerk will be directed to correct the spelling of this defendant's name. The court uses the correct spelling in this opinion.

Mr. Richards is incarcerated at Indiana State Prison ("ISP"). He claims that on May 13, 2021, he was moved to the restrictive housing unit by Officers Taylor and Penson (first names unknown). He claims the officers "unlawfully confiscated all my legal documents, legal notes, and research material," even though in his view the documents "in no way" posed a threat to the safety or security of the facility. (*Id.* at 2.) He further claims that his property was placed in the control of Officer Hawkins (first name unknown), who is in charge of the property room at ISP. He claims Officer Hawkins "lost or misplaced" some of the materials. He further claims that the Indiana Department of Correction ("IDOC") was "ordered by the Southern District of Indiana to turn over all my legal documents and research material, and they failed to abide by that court order." (*Id.* at 3.) He believes "this unlawful confiscation was due to Plaintiff exercising his right to bring suit against the named Defendants in the other two pending suits" he has filed in this District. He further claims that the confiscation of these materials "frustrated and impeded upon my right to access the courts and my due process rights." (*Id.*) Based on these events, he sues IDOC, Officer Taylor, Officer Penson, and Officer Hawkins, seeking compensatory and punitive damages.

He first alleges that his right of access to the courts was violated. Inmates do not have an unfettered right to keep the property of their choosing in their cells. *See Lindell v. Pollard*, 681 F. App'x 518, 520 (7th Cir. 2017). Nevertheless, Mr. Richards' claim involves legal materials, and inmates are entitled to meaningful access to the courts.

2

*Lewis v. Casey*, 518 U.S. 343, 351 (1996). There is no "abstract, freestanding right" to the courts or to legal materials, however. *Id.* Instead, an access-to-the-courts claim hinges on whether there is prejudice to a non-frivolous legal claim related to the prisoner's "conviction, sentence, or conditions of confinement." *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). In other words, "only if the defendants' conduct prejudices a potentially meritorious [claim] has the right been infringed." *Id.* Thus, to state a claim, the inmate is required to "spell out" the connection between the denial of access to the courts and the resulting prejudice to a potentially meritorious legal claim. *Id.*

Under those standards, Mr. Richards has not alleged a plausible claim for the denial of his right of access to the courts. Specifically, he does not "spell out" the connection between the loss of these materials and what prejudice, if any, he suffered to a potentially meritorious legal claim related to his "conviction, sentence, or conditions of confinement." *Marshall*, 445 F.3d at 969. He alleges generally that the confiscation of the materials "frustrated and impeded [his] right of access to the courts," but merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

He makes a general reference to the two other cases he filed in this District. One of the cases involved his medical care, and the public docket in that case reflects that he was an active litigant throughout 2021 and 2022, during the time his legal papers were missing. He propounded and responded to discovery, filed a variety of motions, and

3

filed a 47-page response to Defendants' summary judgment motion accompanied by 141 pages of exhibits.[1] *See Richards v. The Geo Group, et al.*, 3:20-CV-952-DRL-MGG (N.D. Ind. closed May 31, 2022). He does not outline how, if at all, the loss of certain papers prejudiced him in that case. His other case, filed in late July 2022, claimed that he was owed economic impact payments under the Coronavirus Aid Relief and Economic Security Act ("CARES Act"), but the court determined that his complaint did not state a viable legal claim and dismissed it pursuant to 28 U.S.C. § 1915A. *Richards v. Ind. Dept. of Corrs.*, 3:22-CV-581-DRL-MGG (N.D. Ind. closed July 26, 2022). A claim for stimulus payments cannot be said to relate to his conviction, sentence, or conditions of confinement, and he does not outline any specific prejudice he suffered in that lawsuit either. He has not alleged a plausible claim for the denial of his right of access to the courts.

He also claims his due process rights were violated. However, he has an adequate state post-deprivation remedy available to recover the value of his lost papers and thus cannot pursue a federal due process claim based on the loss of this property. *See Higgason v. Morton*, 171 F. App'x 509, 512 (7th Cir. 2006) (Indiana Tort Claims Act precluded Indiana inmate's due process claim arising from the loss of property in his cell); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). His claim for damages against the IDOC is a non-starter in federal court, as the

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

4

agency has Eleventh Amendment immunity. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019).

He also alleges unlawful retaliation. To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citation omitted). The third factor requires a showing of some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

Mr. Richards satisfies the first prong, because prisoners have a protected First Amendment right to file lawsuits and grievances. *Dobbey v. IDOC*, 574 F.3d 443, 446 (7th Cir. 2009). The court will also presume that he satisfies the second prong. *See Manuel*, 966 F.3d at 680 (shakedown of property in cell constituted adverse action for purposes of prisoner's retaliation claim). However, he has not alleged factual content to satisfy the third prong.

He states generally that his papers were confiscated because he exercised "his right to bring suit against the named Defendants in the other two pending suits." (ECF 11 at 3.) However, as stated above, merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough under federal pleading standards. *Swanson*, 614 F.3d at 643. Mr. Richards does not include any factual content to plausibly

5

suggest there was a link between the confiscation of his papers and his First Amendment activity. *See Gomez*, 680 F.3d at 866. Indeed, he does not even identify which "named Defendants" he is referring to, and Officers Taylor, Penson, and Hawkins are not named as defendants in either of the two other cases he filed in this District. *See Richards*, 3:22-CV-581-DRL-MGG; *Richards v. GEO Group*, 3:20-CV-952-DRL-MGG. In fact, one of the cases was filed *after* he brought this lawsuit. *See Richards*, 3:22-CV-581-DRL-MGG. Based on what he has alleged, the court cannot plausibly infer that Officers Taylor, Penson, and Hawkins had any involvement in these lawsuits or had a reason to retaliate against Mr. Richards because of these lawsuits.[2]

Additionally, as to Officer Hawkins, Mr. Richards describes actions in the vein of negligence, in that the officer allegedly did not keep proper track of Mr. Richards' property while it was in the property room, causing it to go missing. This allegation is not consistent with a claim that Officer Hawkins intentionally retaliated against him for exercising his First Amendment rights. To the extent Mr. Richards is referring to IDOC as the "named Defendant[]," this is a state agency, not a "person" who can commit

---

[2] Public records reflect that he has also filed seven civil rights lawsuits in the Southern District of Indiana, although he has not linked the Defendants' alleged retaliatory actions to any of those cases. All but two of the cases were closed years prior to the confiscation of his legal materials. *See Richards v. Bayh*, 1:89-CV-1199-JEN-JPG (S.D. Ind. closed Dec. 1, 1989); *Richards v. Mitcheff*, 1:10-CV-1583-SEB-MJD (S.D. Ind. closed June 25, 2013); *Richards v. GEO Group*, 1:20-CV-2457-JRS-TAB (S.D. Ind. closed Nov. 7, 2020); *Richards v. Corr. Med. Servs.*, 2:15-CV-424-JMS-DKL (S.D. Ind. closed Feb. 19, 2016); *Richards v. Brown*, 2:17-CV-264-JMS-MJD (S.D. Ind. closed Aug. 14, 2017). The more recent two cases involve events occurring at New Castle Correctional Facility and Wabash Valley Correctional Facility and do not name Officers Taylor, Penson, or Hawkins as defendants. *See Richards v. GEO Group*, 1:21-CV-225-SEB-DML (S.D. Ind. filed Jan. 26, 2021); *Richards v. West-Denning,* 2:18-CV-165-JPH-DLP (S.D. Ind. filed Apr. 5, 2018). The court cannot plausibly infer that officers at ISP had a motive to retaliate against Mr. Richards for lawsuits he filed about events occurring at other facilities outside of this judicial District.

constitutional violations. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). His allegations do not give rise to a plausible retaliation claim.

Finally, he claims that someone within the IDOC (who he does not identify) violated a court order issued by the Southern District of Indiana. If this is true, he may have some remedy available in the court that issued that order. However, his allegation does not give rise to a Section 1983 claim in this court.

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow Mr. Richards an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013). The court notes that Mr. Richards has already been given two opportunities to amend his complaint—the first time because he did not use the proper form, and the second because he sought to raise unrelated claims against unrelated defendants in the same lawsuit. (ECF 4, 7.) In fairness, the court will afford him one final opportunity to amend his complaint to address the deficiencies outlined in this screening order.

For these reasons, the court:

(1) GRANTS the motion to correct error (ECF 12) and DIRECTS the clerk to correct the spelling of Officer Hinson's name to "Penson";

(2) GRANTS the plaintiff until **August 31, 2022**, to file an amended complaint if he so chooses; and

(3) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on August 1, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT