UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANNY R. RICHARDS,

    Plaintiff,

    v.

IND. DEPT. OF CORRS., et al.,

    Defendants.

CAUSE NO. 3:22-CV-280-JD-MGG

OPINION AND ORDER

Danny R. Richards, a prisoner without a lawyer, filed an amended complaint pursuant to 42 U.S.C. § 1983. (ECF 18.) This is his fourth attempt to state his claims. (*See* 1, 7, 11.) Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Richards is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Richards is incarcerated at Indiana State Prison ("ISP"). He claims that on May 13, 2021, the Indiana Department of Correction (IDOC) "put into motion a

comprehensive shakedown of the entire housing unit the Plaintiff is housed in." (ECF 18 at 2.) He claims that Ms. Taylor and Ms. Penson, whose first names and job titles he does not provide, confiscated his "legal work, legal notes, [and] research material" during the shakedown, and he never got them back. He claims that their actions denied him access to the courts by impairing his ability to litigate two federal lawsuits pertaining to the conditions of his confinement. First, he states that the confiscation of his legal materials negatively impacted him in *Richards v. The Geo Group, et al.*, 3:20-CV-952-DRL-MGG (N.D. Ind. closed May 31, 2022), which pertained to his medical care, because he lost certain documents that would have shown that two of the defendants misrepresented various aspects of his medical treatment. As a result, the defendants allegedly won the case.[1] Second, he claims that the confiscation of his legal papers hampered his ability to litigate *Richards v. GEO Group*, 1:21-CV-225-SEB-DML (S.D. Ind. filed Jan. 26, 2021), which pertains to his placement on suicide watch, because certain documents he "intended to use as evidence" went missing. Based on these events, he sues IDOC, Ms. Taylor, and Ms. Penson seeking monetary damages.

Inmates are entitled to meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). However, there is no "abstract, freestanding right" to the courts or to legal materials. *Id.* Instead, an access-to-the-courts claim hinges on whether there is prejudice to a non-frivolous legal claim related to the prisoner's "conviction, sentence,

---

[1] Public records reflect that summary judgment was entered for the defendants in the #952 case in May 2022. *Richards*, No. 3:20-CV-952-DRL-MGG, ECF 124. The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

or conditions of confinement." *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). In other words, "only if the defendants' conduct prejudices a potentially meritorious [claim] has the right been infringed." *Id.* To state a claim, the inmate is required to "spell out" in at least "minimal detail" the connection between the denial of access to the courts and the resulting prejudice to a potentially meritorious legal claim. *Id.*

Giving him the inferences to which he is entitled at this stage, Mr. Richards has alleged a plausible claim for denial of access to the courts. He claims that Ms. Taylor and Ms. Penson confiscated his legal documents, which allegedly resulted in prejudice to two cases he was litigating in federal court pertaining to the conditions of his confinement.[2] He will be permitted to proceed on a claim for damages against these defendants. He also names the IDOC as a defendant, but this state agency is not a "person" who can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Additionally, a claim for damages against this stage agency is barred by the Eleventh Amendment. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). This defendant will be dismissed.

For these reasons, the court:

---

[2] The Southern District case remains pending at present. The court appointed counsel for Mr. Richards in July 2022 and recently granted counsel's motion to reopen discovery. *See Richards*, No. 1:21-CV-225-SEB-DML, ECF 130 and 137. At present, it is not clear exactly how Mr. Richards was prejudiced in that case as a result of the lost legal papers, but at this stage the court must accept his allegations as true and construe all reasonable inferences in his favor. He is only required to provide "minimal detail" about the connection between the lost papers and prejudice to a legal claim, which he has done. *Marshall*, 445 F.33d at 969. The exact impact of the missing papers on those proceedings, if any, will have to be determined after additional factual development.

(1) GRANTS the plaintiff leave to proceed against Ms. Taylor and Ms. Penson (first names unknown) in their personal capacity for monetary damages for denying him access to the courts by confiscating his legal documents in May 2021 which hindered his ability to prove his claims in two federal lawsuits pertaining to the conditions of his confinement;

(2) DISMISSES all other claims;

(3) DISMISSES Indiana Department of Correction as a defendant;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Ms. Taylor and Ms. Penson (first names unknown) at Indiana Department of Correction and to send them a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Ms. Taylor and Ms. Penson to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 13, 2022

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT