UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANNY R. RICHARDS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-280-JD-JEM |
| TAYLOR, et al., | |
| Defendant. | |

OPINION AND ORDER

Danny R. Richards, a prisoner without a lawyer, is proceeding in this case against Victoria Taylor-Wilcher and Jacqueline Leach Hinson "in their personal capacity for monetary damages for denying him access to the courts by confiscating his legal documents in May 2021 which hindered his ability to prove his claims in two federal lawsuits pertaining to the conditions of his confinement[.]" ECF 19 at 4. The defendants filed a motion for summary judgment, arguing Richards did not exhaust his administrative remedies before filing this lawsuit. ECF 30. Richards filed a response, and the defendants filed a reply. ECF 35, 36. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). When prison staff

hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). For instance, an administrative procedure is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016).

The parties provide evidence showing the following: On June 23, 2021, Richards submitted Grievance 129340, complaining that various items were missing from his property after correctional officers shook down his cell on May 13. ECF 31-4 at 1. Specifically, Richards asserted that, once he received a property form list detailing the items removed from his cell, he realized various items were missing including a digital radio, headphones, shoes, towels, and wash cloths. *Id.* Additionally, Richards noted that, because his property was being held in the property room and he did not have access to it, it was possible other items were missing as well. *Id.* As relief, Richards requested that his property be returned to him. *Id.* On September 1, 2021, the grievance office responded to Grievance 129340, stating that "For this concern and issue about your property, you need to file a tort claim if you feel as if staff lost or damaged your property. This claim will give you a quicker response than filing a grievance." *Id.* at 3-4. Richards did not appeal the grievance office's response to Grievance 129340. ECF 31-3 at 1. Instead, he filed a tort claim regarding his missing property. ECF 35 at 5-6. Additionally, he filed a second tort claim regarding his legal materials once he realized they were also missing. ECF 35 at 5-6; ECF 35-2 at 3. Richards never received any

3

response to his second tort claim regarding his missing legal materials. ECF 35-2 at 3. Because neither party disputes these facts, the court accepts them as undisputed.

The defendants argue Richards did not exhaust his available administrative remedies because he did not fully exhaust Grievance 129340 by appealing the grievance to the final level. ECF 31 at 5-7. In his response, Richards concedes he never fully exhausted Grievance 129340. Instead, he argues the grievance office made his administrative remedies unavailable by informing him to needed to file a tort claim instead of a grievance and then failing to respond to his tort claim. ECF 35 at 9.

In their reply, the defendants do not dispute that Richards filed a tort claim regarding his missing legal materials and never received any response. The court therefore accepts that as undisputed. Instead, the defendants argue that Richards' efforts to exhaust a tort claim are not relevant because he was required to exhaust a grievance, not a tort claim. ECF 36 at 4. Specifically, the defendants argue that, even though the grievance office instructed Richards to file a tort claim instead of a grievance, the grievance office did not tell him he could not exhaust a grievance in addition to a tort claim. *Id.* But the grievance office's denial of Grievance 129340 on the basis that "you need to file a tort claim if you feel as if staff lost or damaged your property" reasonably misled Richards into believing he should pursue a tort claim instead of a grievance. *See Ross*, 578 U.S. at 644 & n.3 (explaining that administrative remedies are unavailable where a prison official misleads an inmate to prevent his use of an otherwise available procedure). Richards reasonably responded to the grievance

4

office's instruction by abandoning his grievance and filing a tort claim instead, to which he received no response. This left him with no further available remedy.

The defendants also argue Richards cannot rely on Grievance 129340 to show he exhausted his claim in this lawsuit because Grievance 129340 does not mention his legal papers. ECF 36 at 4. But Richards' allegations in Grievance 129340 that the defendants confiscated property from his cell on May 13, including certain items he could not yet identify, put the prison on notice as to his claim the defendants confiscated his legal papers from his cell on May 13. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (exhaustion is designed to provide the prison with notice of the problem and give them an opportunity to fix it); *King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023) (An inmate's grievance is sufficient to exhaust a claim if it raises the same claim as the lawsuit and provides enough information to indicate that the defendant is the target).

Accordingly, the undisputed facts show the grievance office made Richards' administrative remedies unavailable by instructing him to file a tort claim rather than a grievance and then failing to respond to his tort claim. The defendants therefore have not met their burden to show Richards had available administrative remedies he did not exhaust before filing this lawsuit.

For these reasons, the defendants' motion for summary judgment (ECF 30) is DENIED.

SO ORDERED on August 1, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

5